UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                       )
IN RE APPLICATION OF USA PURSUANT        )        ML No: 20-118
TO 18 U.S.C. § 3512 FOR ORDER FOR           )
COMMISSIONER'S APPOINTMENT FOR A       )
MONEY LAUNDERING AND ABUSE OF           )
POWER INVESTIGATION                              )
                                                       )
_____)

*Reference:*        *DOJ Ref. # CRM-182-71125*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Margarita I. Pendarvis, Trial Attorney, Office of

International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor

subsequently designated by the Office of International Affairs), as a commissioner to collect

evidence and to take such other action as is necessary to execute this and any subsequent,

supplemental requests for assistance with the above-captioned criminal matter from Sint

Maarten.  In support of this application, the United States asserts:

RELEVANT FACTS

1.        The Central Authority of Sint Maarten, Attorney General's Office for Sint

Maarten, submitted a request for assistance (the Request) to the United States, pursuant to the to

the Treaty on Mutual Legal Assistance Between the United States of America and the Kingdom

of the Netherlands, U.S.-Neth., June 12, 1981, S. TREATY DOC. 97-16 (the Treaty).

As stated in the Request, the Public Prosecutor's Office in Sint Maarten is investigating Michael

Dijkhoffz (Dijkhoffz) and others for money landering and abuse of power by a civil servant,

which occurred between on or about January 2010 and February 2019, in violation of the

criminal law of Sint Maarten, specifically, Article 2:404 and Article 2:345 of the Sint Maarten

Criminal Code. Under the Treaty, the United States is obligated to assist in response to the

Request.

2.      According to authorities in Sint Maarten, Michael Dijkhoffz has been the head of

the Information and Communications Technology (ICT) Department of the government of Sint

Maarten, which is responsible for the information systems and telecommunications management

of the entire government of Sint Marteen, since 2009. In his position, Dijkhoffz has been closely

involved in the tendering process for government ICT projects, including selection of ICT

contractors.

3.      The investigation has determined that between 2010 until 2015, many of the

public tenders for ICT projects were awarded to Effective Business Solutions & IT Consulting

N.V, a company owned by Dijkhoffz's sister, Madelon Helena Dijkhoffz.  However, after

government funds were disbursed to Effective Business Solutions & IT Consulting N.V., only

38% of the money was used for the purchase of ICT products. The rest of the government funds

were withdrawn in cash or transferred either to Dijkhoffz or to the United States company

Cyprus Enterprises LLC, which was founded by Dijkhoffz's sister and managed by Dijkhoffz's

wife.

4.      Specifically, from February 4, 2010 until October 24, 2014, a total of USD

100,551 was transferred from the bank account of Effective Business Solutions to Dijhoffz's

Bank of America account number XXXXXXXXX0449, and a total of USD 244,245 was

transferred to Cyrus Enterprises LLC's bank Bank of America account number XXXXXX0608.

5.      In 2017, the company Valmeer Management & Consulting N.V. was awarded a public tender in the amount of USD 1,911,114 for the purchase of ICT equipment. Upon receiving the money, Valmeer Management & Consulting N.V. transferred USD 429,810 to Global Hardware Resellers LLC's Bank of America account number XXXXXXX0978, and USD 298,944 to U.S. Caribbean Export LLC's Bank of America account number XXXXXX2018.  Global Hardware Resellers LLC and U.S. Caribbean Export LLC are companies located in Pompano Beach, Florida, and are managed by Dijhoffz's son, Mitchell Cyrus Michael Dijhoffz.

6.      In addition, the investigation also revealed that some of the public funds were used by Mitchell Cyrus Michael Dijhoffz to rent a property from Altamira Place Apartment Homes, located in Altamonte Springs, Florida, where Dijhoffz resides while in the United States.

7.      To further the investigation, authorities in Sint Maarten have asked U.S. authorities to provide: (1)bank records pertaining to Bank of America account numbers XXXXXXX0449, XXXXXXX0608, XXXXXXXXX2018, XXXXXXX0978, and XXXXXX2018; (2)business records pertaining to Cyprus Enterprises LLC, Global Hardware Resellers LLC, US Caribbean Export LLC; and (3) business records pertaining to the property rented from Altamira Place Apartment Homes.

## LEGAL BACKGROUND

8.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

(1801); <u>United States v. Emuegbunam</u>, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." <u>United States v. Stuart</u>, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. <u>Zschernig v. Miller</u>, 389 U.S. 429, 440-41 (1968).

9.      The United States and the Kingdom of the Netherlands entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters. <u>See</u> Treaty Pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, records, and executing searches and seizures. Treaty Annex, Article 1(2). In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Treaty Annex, Article 5(1). ("A person from whom evidence is sought shall, if necessary, be compelled by subpoena to appear and testify or produce documents, records and articles to the same extent as in investigations or proceedings in the Requested State.").

10.     When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

*             *             *

4

[A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

              *              *              *

The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

11.      Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

12.      An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

executes the request itself or delegates execution to another attorney for the government.[4]  Upon

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders

as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R.

Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers

or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the

taking of testimony or statements and/or the production of documents or other things.  *See* 18

U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to

facilitate the execution of the request, including any procedures requested by the foreign

authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

13.    Section 3512 also authorizes any person appointed to direct the taking of

testimony or statements and/or the production of documents.  The appointed person has authority

to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2)

administer any necessary oaths; and (3) take testimony or statements and receive documents or

other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents

or other things, the person appointed, commonly referred to as the "commissioner," typically

uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or

executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's

Subpoena" is included as Attachment A.

<u>REQUEST FOR ORDER</u>

---

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  <u>See</u> 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

14.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Attorney General's Office for Sint Maarten and seeks assistance in the investigation of money laundering and abuse of power by a civil servant--criminal offenses in Sint Maarten.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records and the production of business records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

15.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

16.     When executing a foreign request for assistance in a criminal matter, both Section 3512  and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633,

639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person or entity(ies) other than the recipient(s) of any given commissioner subpoena.

17.    Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Margarita I. Pendarvis, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____

Margarita I. Pendarvis
Trial Attorney
D.C. Bar Number 888283921
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 307-0646
Margarita.Pendarvis@usdoj.gov

8

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                  )
IN RE APPLICATION OF USA PURSUANT            )
TO 18 U.S.C. § 3512 FOR ORDER FOR               )
COMMISSIONER'S APPOINTMENT FOR A         )
MONEY LAUNDERING INVESTIGATION            )
                                                                  )
_____)

*Reference:     CRM-182-71125*
*(**Please repeat when responding.**)*

<u>COMMISSIONER'S SUBPOENA</u>

TO: _____

I, Commissioner Margarita I. Pendarvis, Trial Attorney, Office of International Affairs,

Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this

Court's Order signed on _____, for the purpose of rendering assistance to

_____, command that you provide the following documents regarding

(an) alleged violation(s) of the laws of Sint Maarten; specifically, abuse of power and money

laundering, in violation of Section _____of _____Criminal Code.

Provide records to International Affairs Specialist _____by emailing

them to _____or by mailing via FedEx either a paper copy of the

records or any commonly used digital storage device loaded with the files to the following

mailing address by _____, 20__:

For failure to provide records you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____                    _____
                                         COMMISSIONER
                                         Margarita I. Pendarvis
                                         Trial Attorney
                                         Office of International Affairs
                                         Criminal Division, Department of Justice
                                         1301 New York Avenue, N.W., Suite 800
                                         Washington, D.C. 20530
                                         (202) 307-0646
                                         Margarita.pendarvis@usdoj.gov